Parker, C. J.,
delivered the opinion of the Court.
Several objections have been made to the verdict in this case, neither of which, we think, can prevail.
The first is, that, as the contract for the use and occupation of the house was under the hand and seal of Rich, the lessor, the mere act of taking the key when Randall left it, and even the putting in of another tenant without the advice * or [ * 496 ] assent of Randall, could not operate in any way to discharge the contract, but that Mrs. Cooper was an undertenant of Randall, he being answerable to Rich for the rent until the end of the term.
We do not now inquire whether the strict principles of law relative to contracts respecting the hire of tenements, the contracts being under seal, are to be enforced against a known usage in any particular town or neighborhood; or whether, under such usage well known to all tenants as well as landlords, the act of removrJ acquiesced in, and the delivering up of the key to the landlord — which is a symbolical delivery of possession, he receiving the same — may not amount to a surrender of a leasehold estate, notwithstanding that, by our statute, surrenders, among other contracts respecting real estate, are to be in writing, (a) For the true intention of the parties to the transaction may be well enforced by admitting that the contract was in force even after the delivery of the key ; and that Rich then consented to become the agent of Randall in procuring a new tenant, and to be responsible for the rent, as he undoubtedly ought to be under these circumstances, having put the new tenant in without consulting Randall. Indeed, it is to be presumed that the rent has been paid by Mrs. Cooper, as that fact is not negatived by the report.
If Rich is not to be considered as the agent of Randall in putting Mrs. Cooper into the premises, that act may well be considered as an ouster of Randall; and so the lease would be discharged from the time ; and the rent, as it respects Randall, would then stop. (4) And if it is not so considered, it may be viewed as an assignment of the whole term to Mrs. Cooper, with the assent of the lessor, and the whole transaction executed and complete at the end of the term, by the acceptance of rent, which would discharge Randall, the original lessee, from any liability, from the date of such assignment.
*446 This being an action for money had and received, whatever jRich has received, or is accountable for towards the [ * 497 ] * rent, after he received the key from Randall, may be properly charged to him, in order to ascertain the balance in his hands belonging to Randall.
But the defendant’s counsel has further urged, that the promis spry note, the proceeds of which are sued for in this action, being delivered as a pledge, no action can be maintained for it, or for the proceeds of it, until after payment or tender of the whole sum due for rent.
This would undoubtedly be true, if the pledge continued in its original form, and if it is to be considered strictly in the light of a pledge; but it was more properly delivered over as collateral security for the rent, with a power to collect and apply the proceeds to the payment; and it having been converted into money, or appropriated to the defendant’s use, the debt must be considered paid. The very form of this action affirms the transaction respecting the note by Rich, and merely demands the surplus, after the claims of the defendant shall have been satisfied.
The position taken by the defendant’s counsel, that, viewing this note in the light of a pledge, the commencing a suit upon it by Rich was no breach of trust, because the act was necessary to the security of the debt, is undoubtedly true. And yet, causing the suit to be commenced in bis own name, which he was not obliged to do, and prosecuting the same to final judgment, and causing the execution to be levied upon land, whereby he acquired a title to himself in the land, and all this without the direction or even privity of Randall, looks much like a voluntary appropriation of the note to himself. At any rate, in order to discharge himself from the effect of such appropriation, and assume the character of an agent for Randall in the prosecution of that suit, he should have given him notice, that he might have had a voice in the mode of satisfying the execution, and in the appointment of appraisers; and should at least have offered to give him the legal title to the land thus acquired, upon payment of such balance as might then be due.
[ *498 ] * As the balance, however, was small, it is scarcely to be presumed that Rich was encountering all this trouble merely to secure that balance to himself.
Viewing the deposit of the note, then, as a pledge, and considering Rich to have acted lawfully in causing it to be sued and satisfied in the manner he did, but that he was entitled to no more of the proceeds of the note than would be sufficient to pay the debt and *447 his expenses, we can have no doubt that Randall is entitled to the residue.
But it is said that it cannot be recovered in this action, which is for money had and received, because the note was not money, and was not finally paid in money.
Without relying upon the fact that a considerable portion of this note was actually paid in money by the officer to Rich, we are satisfied that the action is well maintained. The satisfaction of the execution ought to be considered as a payment of the debt in money; and, although land is taken, it is taken at money’s worth; and the debt, which might have been exacted in money, at all events has been discharged. This is sufficient to support this action; and it is not unlike the case of Floyd vs. Day, (5) where the same principle is decided, (a)

Judgment on the verdict.

 It amounted to a surrender in law. Whitehead vs. Clifford, 5 Taunt. 518. — Grimman vs. Legge, 2 Mann & Ryl. 438, S. C. — 8 B. & C. 324. — Brown vs. Burten shaw, 7 Dowl. Ryl 603. — Walls vs. Acheson, 11 Moore, 379. — 3 Bingh. 462. — 2 Car. & P. 268. — Woodf. by Harrison, 246. — Comyn, Land & Ten. 340.

 Com. Dig., Covenant, F. — 3 Co. 159.

 3 Mass. Rep. 403.

 Arms vs. Ashley, 4 Pick. 71. — Hemencay vs. Hemenway, 5 Pick. 389. — Whitwell & Al. vs. Vincent, 4 Pick. 449. — Miller & Al. vs. Miller, 7 Pick. 133. — Cornwall vs. Gould, 4 Pick. 444. — Whitcomb & Al. vs. Williams & Al. 4 Pick. 228. — In an action for money had and received, the plaintiff is generally required to prove the receipt of money, or of something which may be readily turned into money. It has been held that the receipt of stock cannot be considered as the receipt of money. — Nightingale vs. Devisme, 5 Burr. 2589. — See 2 B. & A. 51. — Breton vs. Cope, Peake’s Cases, 43. — Nor the receipt of goods. — Leery vs. Goodson, 4 D. & E. 687. — See Whitwell vs. Bennett, 3 B. & P. 559.—But where provincial notes have been received as money, they may be recovered in this form of action, Pickard vs Bankes, 13 East, 20. — 6 Taunt. 110. — Fox vs. Cutworth, cited 4 Bingh. 179. — And it seems that notes of the Bank of England will, unless produced at the trial, be considered as having been converted into money. — Noyes vs. Price, Chitty on Bills, 7th edit. 333 — Spratt vs. Hobhouse, 4 Bingh. 178. — Roscoe, Ev. 228.