Hoknblower, C. J.
This case comes before the Court upon a statement of facts, accompanying the writ of Error, and a waiver by the defendant in Error, of all objections to the form of proceeding. We may therefore consider the case as regularly before the Court, and it seems to involve three questions, viz.
1st. Can the Common Pleas, or this Court, in a summary way, on motion, in behalf of third persons, inquire into the truth of the affidavit filed by the plaintiff on entering up a judgment by confession ?
2dly. If such inquiry can properly be made, and it should appear that the affidavit is not strictly true, or that at the time of making it, the plaintiff could not have maintained an action for the money, can the Court, at the instance of other judgment creditors, on that account, set the judgment aside in whole or in part, or apply the proceeds to the satisfaction of such other *141 creditors; and 3dly. can indebitatus assumpsit for money paid, be maintained by a party who has not actually paid money, but has given his own note for, or otherwise satisfied a debt due from the defendant.
The first two questions may be considered together. Justice Ford, in Scudder v. Scudder (5 Halst. R. 340.) has corrected a prevalent error in relation to the nature and legal character of'judgments entered up in virtue of special warrants of attorney, which supposes that the right of the judge, to sign such judgments at chambers, is delegated by the act of assembly, and that the judgment derives all its force from that act. — On the contrary, the authority of the judge to sign such judgments, existed at the common law: they are common law judgments, and good and effectual as such, unless entered up contrary to the statute. The Court however, as well since the statute, as before, may, and will exercise an equitable control over such judgments, and when impeached for fraud or covin, will set them aside in favour of creditors. The statute has neither increased nor diminished the power of-the Court over confessed judgments ; that remains as it was at the common law. — The design of the legislature, in requiring an affidavit of the indebtedness of the defendant and of the honesty of the transaction, was by an appeal to the conscience of the plaintiff, to guard against fraud, by entering up judgments ■where no indebtedness really existed, to the prejudice of honest creditors. But the statute has not submitted it to the Court to enquire into the truth or falsehood, of the affidavit. It makes its appeal to the conscience of the plaintiff under the solemnity of an oath; and then leaves the judgment when entered, to be dealt with by the Court, according to law.
The plaintiff in this case, has submitted himself to the ordeal appointed by the statute. He has made the affidavit required: and his judgment was regularly signed. Nevertheless, it may be assailed for fraud: it may be shewn that the plaintiff has sworn corruptly — that the defendant was neither legally nor equitably indebted to him in one cent: that it was a corrupt transaction: And then, the plaintiff may be liable not only to the pains and penalties of perjury, but his judgment will be set aside. But this ought not to be done in a summary way. Why did Courts so readily yield to suggestions against the bona *142 fides, of confessed judgments at the common law, and interpose its equitable power over them, in favour of complaining creditors? Simply, because they were mere voluntary judgments, easily and speedily entered up, and too often employed for fraudulent designs; and even then, the Court would seldom interfere on the ground of fraud, except through “the intervention of a jury.— But since the legislature have required of the plaintiff, an affidavit of the truth and justice of his claim, they have given a sanction and solemnity to such judgments, that seem to entitle them to more respect and confidence. It cannot be right then, upon counter affidavits, and on motion, in a summary way, not only, to defeat a man’s security, but virtually to convict him of perjury. Besides, where shall the inquiry into the truth of the affidavit begin ? Has the Judge at chambers any discretion ? If an affidavit, in conformity to the statute, is produced to him, has he any right to question it? Must he not sign the judgment, whatever suspicions he may have of the honesty of the transaction ? I think therefore, the most the Court can do, if fraud is imputed, is to refer it to a jury, when a proper case is made, to justify such a course.
But it is not pretended in this case, that the money was not due to the plaintiff, or that there was any design to defraud creditors. The whole objection is, that the plaintiff has got a judgment, which if it had been resisted by the defendant in limine he could not have recovered; and hence it is argued, that it operates as a fraud, on other creditors. But ought the Court to set aside a judgment, or postpone a plaintiff, in favor of other creditors, on the ground of an implied, or constructive fraud, where no actual injustice has been done? I think not. „ If the transaction is fair and honest, as between the parties; if no actual fraud has been perpetrated, or intended, but the plaintiff with an equitable right, has an advantage at law over other creditoi’s, I think the Court ought not to interfere.
Suppose the defendant, instead of confessing judgment, might have successfully pleaded the statute of limitations, or defended himself upon some point of Summum jus f Shall we therefore postpone the plaintiff to other creditors? Summum jus, Summa injuria,. — and too strict an interpretation of law, is frequently productive of the greatest injustice; and such would be the effect in this case.
*143 But it is objected; That the affidavit was untrue, because upon the facts, as admitted in the case, the whole debt was not actually due and payable at the time the judgment was entered. That although the plaintiff had given his own note in satisfaction of a debt due from the defendant, yet he had not actually paid off the-debt in money, and the defendant himself remained bound for it, by his endorsement to the creditor. But the case also admits, that the understanding and agreement of all the parties, was that the plaintiff was to pay, as he since has done, the debt for which the note was given.
This objection goes upon the ground, and it was insisted in argument that since the statute (Harr. Comp. 248) a judgment cannot be legally entered by confession, for any liability, or by way of security, but only for a debt absolutely due and payable. But Chief Justice Ewing, in Scudder v. Scudder, 5 Halst. Rep. 345, has fully and satisfactorily answered this objection : after remarking, as is perfectly obvious, that the word •“ due,” sometimes signifies, simple indebtedness, without reference to the time of payment, as debitum in presentí, solvendum in futuro ; and that at other times, it means, that the day of payment or render, has passed; he adds, “ in the former sense it appears to have been used in the statute, as it is connected with a word of the like signification, duo and, owing!’ “ Moreover ” he says, “ the word justly, being connected with the word, due, shews the true import of the phrase, justly due ” (see also Warrick v. Matlack 2. Halst. R. 165.) It is true, in the case of bonds, no judgment can be entered, until the day of payment has passed : the 1st. section of the act, (Rev. Laws, 685.) says, “ it shall and may be lawful for the obligee &c. at any time, after the day of payment mentioned in the bond, to apply &c.” But even this restriction, I apprehend, was accidentally, rather than designedly thrown into the statute: and since in the language of Chief Justice Ewing, (5 Halst. 345, 6.) the object of the statute, was “ only to secure fairness, honesty and good faith, in the transaction,” and not to abridge the common law right of securing a just debt, by a judgment, we must not give it that effect, by mere implication.
The question in cases of this kind, is not, whether other creditors might have secured their claims, if the judgment com *144 plained of, had not been entered ; but whether the plaintiff has done any thing mala fides, or contrary to the statute. If he has not, his security ought not to be disturbed.
As to the question, whether assumpsit will lie for money paid, when none has in fact been paid out by the plaintiff, but he has only assumed the debt of the defendant, or discharged him from it, by giving his own note or other security to the creditor, it is unnecessary, in the view I have taken of this case, to express any opinion. Admitting, that the plaintiff could not have recovered in an adverse suit, it does not follow, that the defendant might not confess judgment as a security for the money for which the plaintiff had become bound for him. If however the validity of the plaintiff’s judgment depended, on an answer to that question. I should hesitate sometime before I condemned it. An examination of the cases cited by the counsel, and of others referred to below, will shew that it is an unsettled question — (see Barclay & al. v. Gooch; 2 Esp. N. P. 571—Taylor v. Higgins, 3 East, 169. Israel v. Douglass 1 Henry Bl. 239. Fenner v. Mears, 2 Bl. R. 1269. Nightingal v. Devisme, 5 Burr. 2589. Moore v. Pyrke, 11 East, 52, Spurrier v. Eldeton, 5 Esp. N. P. 1. 5 Tyng’s R. 299. Thatcher and al. v. Dinsmore, 5 Mass. R. 299. Cumming v. Hackley, 8 Johns. R. 202. Ralston assignee v. Bell, 2 Dall. R. 242. Ainslee v. Wilson, 7 Cowen R. 662. Randall v. Rich, 11 Mass. 494.) In my opinion the judgment of the Common Pleas must be reversed.
Ford, Justice, concurred.
Ryebsok, J.
The judgment below was rendered on a confession, without process. The question here is whether the judgment is accompanied by a proper affidavit pursuant to the requirements of our statute, Harr. Com. 248. The objection to the affidavit is, that it does not disclose the true consideration of the note on which the judgment has been rendered. It appears by proofs now submitted to this Court, that a part of this consideration, was the plaintiff’s own promissory note, advanced to the defendant, to be used, and actually appropriated, in payment for certain chattels by him bought, and agreed beforehand to be paid for in part, in this way. If this part of the transaction be *145 tween the parties, is at all specified in the affidavit made on the entry of the judgment, it can be included only in the item of seven hundred and three dollars and fifty cents for money lent.
Is the advance of the parties own promissory note, payable at a future day, equivalent to an advance of cash, and to be treated as such in law proceedings ? This seems to be the question on which principally, the controversy between the parties must turn.
Another was also raised, whether the money was justly and honestly due, at the time the affidavit was made, and the judgment entered ? But it must be obvious, that if the advance of a promissory note, may be treated as an advance of cash, the money may be well considered as justly due if by the contract of the parties, it was made due and payable on demand, as was done in this case. But even if not to be considered and treated as an advance of cash, I can see no objection in law to the fair and bona fide exchange of paper not yet due, for paper that is due: or the giving of a judgment to a party, in payment or satisfaction of his negotiable paper, not yet arrived at maturity. Such a transaction may be beneficial to the parties, injurious to no one, and if free from fraud in fact, contravenes no principle of law that I am aware of. It is intimated that the statute above referred to, has changed the rule of the common law on the subject. Of that I doubt; but it seems not necessary now to decide. The construction to be given to the word due, in this connection, has heretofore received the notice of this Court; Warwick v. Matlack, 2 Hal. 165. Scudder v. Coriell 5 Hal. 340. 5.
To return to what I conceive to be the main question: is “ money lent,” a specification sufficiently broad and true in substance, to meet the requirements of our statute ? For I take it to be an unquestionable position, that unless the affidavit truly. in substance at least specify the consideration “ of the bill, bond, deed, note” &c. for which the “judgment shall be confessed,” the proceeding is void, or may be declared void, as against creditors. Promissory notes of bankers, have long been treated as cash, under some circumstances, not only in commerce, but iu Courts of justice also. I perceive no reason why the notes of other persons may not be treated in the same way. It is true, this use of the latter is not so common ; but their substitution for money is not unknown. They may be treated as cash when *146 such is the agreement, or assent of the parties. This in the case of Barlkey and al. v. Gooch, 2 Espinasse N. P. C. 571—2 Cowen on Contract, 185; Ld. Eenyon held, the giving of a promissory note, for the debt of another, was the payment of money to his use, and might sustain an action for money paid, and the Court at bar, sanctioned the opinion given at the Circuit. And although this case was afterwards questioned, in the case of Taylor v. Higgins 3 East, 167, I do- not find that it has ever been expressly over-ruled. In an earlier case indeed, that of Israel v. Douglass, 1 H. Bl. 239, the Court of Common Pleas went still further, holding that an account for brokerage ordered and agreed to be paid to a third person, might by him be recovered in an action for money had and received. In Ainslie v. Willson, 7 Cowen 662—9, an indorser having satisfied a note in part, by the conveyance of lands, was allowed to sustain a count for money paid: and in Cumming v. Hackley, 8 Johns, 202—6, the Court refer to the. case of Barldey v. Gooch, without any doubt of its correctness, although the expression of such a doubt, if entertained, would have been pertinent to the point before the Court. It rather seems to have received their approbation.
In the brief submitted in this cause, it was supposed that a fatal objection arose from the fact, that Lorenzo Hoyt remained liable on the note, as indorser. In some of the cases .referred to by the counsel, it is made a point of importance, that the party continued liable on the original contract, or consideration. Rut that is not this case. If liable here, it is not on the contract of sale, in satisfaction of which, the note was paid away; but on the contract implied in the indorsement. If he thought proper to render himself liable by such indorsement, that could not impair the rights of Enos Hoyt, or change the character of his loan. If A. agree to loan money to B, and instead of cash give him a check on the bank, which he accepts as cash, it would certainly operate as such, although the person to whom he passed it, should require, and B, should give his indorsement, thereon. It seems to me therefore, that the original judgment was not rendered in the Court below, without sufficient warrant of law, and ought to be sustained against all the world.
I will remark however, that on a careful review of this question, I have not come to this conclusion without embarrassment. *147 Although early reading had fixed it as a principle in my mind, that promissory notes might be paid away, and circulated as cash; yet on investigation, I find the proposition derives far less support from adjudications, than I had anticipated. My mind is not now entirely satisfied with the result at which I have arrived. But it is so far sanctioned by the language of books, and the practice of the community, that a party who has acted on the principle, should not lose the benefit of a security, to which there is no other valid objection,

Jwdgment of the Common Pleas reversed, and original judgment confirmed.

Cited in Emly v. Eagle, 2 Harr. 348; Linn v. Cook, 4 Harr. 14; Reading v. Reading, 4 Zab. 364; Ely v. Parkhurst, 1 Dutch. 192 ; Owen v. Arvis, 2 Dutch. 43; Tradesmans Bank v. Fairchild, 2 Vr. 374; Clapp v. Ely, 3 Dutch. 587-590-615; Blackwell v. Rankin, 3 Halst. Ch. 158.