## WILLIAM BLAISDELL *vs.* SILAS F. GLADWIN.

A specification of defence, in the court of common pleas, cannot be excepted to for generality after issue joined.

If two persons enter into an agreement in writing, under seal, with a third, that the latter shall sell and convey to one of them a certain lot of land, at a specified price, to be paid for in part by the work of the other, which he binds himself to perform, and in part by the grantee, without any stipulation that the latter shall pay the former for the work so done, the law implies a promise, on his part, to pay a reasonable compensation therefor.

THE plaintiff and defendant, on the one part, and Wood and Hildreth, on the other, entered into an agreement, under seal, of which the following is the substance : —

Wood and Hildreth agreed, on their part, with Gladwin and Blaisdell, that they would sell and convey to Gladwin a certain lot of land in Lowell, described in the agreement, at nine cents a foot, to be paid for, in part, by the labor of Blaisdell in painting and glazing, as should be directed by Wood and Hildreth, at any time within eight months from the date of the agreement, and at certain prices mentioned therein. When Blaisdell should have completed such painting and glazing, the sum to which it amounted,

at the prices named, was to be deducted from the price of the land, and the balance paid by Gladwin, one third in cash, and the residue one half in one year, and one half in two years, secured by a mortgage on the premises.

Blaisdell, on his part, agreed to do for Wood and Hildreth all such painting and glazing as they should order, in pursuance of the agreement, in a good, faithful, and workmanlike manner, and immediately upon being ordered; and Gladwin agreed, on his part, to take the land at the price named, and to secure so much of the purchase money, as Blaisdell should not pay by painting and glazing, in the manner above mentioned. He also guarantied that Blaisdell should do the painting and glazing, as agreed.

The plaintiff, having performed work and labor, in painting and glazing, for Wood and Hildreth, in pursuance of his agreement, brought this action of assumpsit in the court of common pleas, where the case was tried before *Wells,* C. J., to recover the amount thereof of the defendant.

The defendant, at the term when the action was entered, pleaded the general issue, with a specification of defence, stating that on the trial he should offer to prove, that before the commencement of the action he had paid the plaintiff in full all sums sued for therein; and had also made accord and satisfaction of all the matters in suit between him and the plaintiff. No objection was made to this specification of defence, until after the issue had been joined, and the plaintiff had opened his case and read his writ and declaration to the jury; when the plaintiff objected to its sufficiency, and the judge thereupon ruled that it was insufficient, as not being a compliance with the rule of the court, and that under it the defendant could not offer evidence of payment, or of accord and satisfaction. The defendant did not move for leave to amend his specification.

The only evidence offered by the plaintiff, to show that the defendant agreed to pay the plaintiff for the work sued for, was the contract above stated, and the testimony of a witness who heard a conversation between the plaintiff and defendant, after the work ordered under the contract had been

commenced, and while the same was going on, but before any of it was completed, when the defendant told the plaintiff that he was poor, and neither would nor could pay the plaintiff for any work which he had done or should do under the contract.

The judge ruled, that, from the contract itself, and from the facts of the case, the jury might find a contract between the defendant and the plaintiff, which would bind the former to pay the latter for the work done by him in pursuance of the written agreement with Wood and Hildreth.

It was also in evidence, that before any of the work sued for was done, the plaintiff and defendant met, and the defendant told the plaintiff, that he would pay him for nothing he had done or should do under the contract, and thereupon the plaintiff told the defendant that he would do no further work on the defendant's account. There was no evidence, that the plaintiff ever at any time notified the defendant that he was doing the work sued for on the defendant's account, or demanded payment therefor, before the commencement of this action.

The judge instructed the jury, that if they should find, that the defendant agreed to pay the plaintiff for the work he should do for Wood and Hildreth, under the contract; that, notwithstanding, before the work was done, the plaintiff told the defendant, that he should do no more work for the defendant, or on his account; yet that if the plaintiff, afterwards, upon being told by Wood and Hildreth, that they would not release him from his contract, did go on and do the work for Wood and Hildreth, under the same; he could recover in this action against the defendant for the work so done, although he never, previous to the commencement of the action, notified the defendant that he was doing the work on his account, or demanded payment therefor.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. G. Abbott,* for the defendant.

*B. F. Butler* and *A. W. Farr,* for the plaintiff.

SHAW, C. J. The first exception in the present case taken

by the defendant is, that he was prohibited from giving evidence, in defence, to the plaintiff's demand, tending to prove payment, and also evidence tending to prove accord and satisfaction. It appears by the bill of exceptions, that at the time of filing his plea, the defendant had filed a written notice, that he would thus offer evidence of payment, and of accord and satisfaction. No objection was made by the plaintiff to this notice in writing, previously to the trial. It does not distinctly appear what were the grounds, on which the specification of defence was decided to be insufficient; but as it gave notice of an intention to offer evidence of payment and of accord and satisfaction, we must presume that it was held insufficient for generality, and that it did not designate, with sufficient certainty, the instances of payment intended to be relied on, or the nature and kind of accord and satisfaction intended. But if this was the ground of exception to the sufficiency of the specification, we think it should have been taken before joining the issue, and commencing the trial; so that if, in the opinion of the court, it was too general, and did not give the plaintiff the information which it was intended by the rule he should have, the defendant might have amended his specification in that respect. By joining the issue and going to trial, the plaintiff virtually waived this objection. Such a rule seems to be necessary, to prevent surprise, and secure due order and regularity in the conduct of a trial. And in this respect, there seems to be no distinction in principle, between that specification, which a defendant who relies on matter of avoidance must file with his plea of the general issue, in pursuance of a general rule of practice, and the bill of particulars, which a party may file in pursuance of a particular order made on motion. In regard to the latter, it has been recently decided in this court, that the exception of generality must be made to the court, before the commencement of the trial, for the reasons stated. *Robinson* v. *Wadsworth*, 8 Met. 67.

If a paper filed as a specification is intended to be objected to as insufficient, and is not, in the opinion of the court, a

compliance with the rule, it is much better for all parties, that the court should so decide, and cause it to be stricken out, than to permit the defendant to go on without any objection, until he is surprised at the trial by the rejection of his evidence.

In deciding upon the degree of particularity, as to time, place and circumstances, the court will take into consideration the subject, and the degree of certainty which the defendant may be presumed to have, or be able to obtain. They will take care not to introduce the niceties of special pleading, and thereby expose parties to technical objections of variance and the like, without securing the benefits of that admirable system. All that can be required is, that such true and substantial notices shall be given as will narrow the subjects of inquiry to the actual matters in dispute.

Being of opinion that the defendant's evidence was not rightfully rejected, the judgment of the court is that the verdict must be set aside, and a new trial ordered.

On the other point, it appears to us, that upon proof of an order from Wood and Hildreth to the plaintiff, he was bound by his agreement to do the work; and the agreement shows that it was to be done for the benefit of the defendant, in part payment for land stipulated to be conveyed solely to his use. The agreement does not contain any direct stipulation of the defendant to pay the plaintiff for the work; but we think it establishes a relation between these parties, from which the law implies a promise to pay a reasonable compensation for the work to be done. It seems analogous to an instrument under seal, given to A. by B., as principal, and C. and D. as sureties. There is no express stipulation by the principal with the sureties, that if they have to pay, he will reimburse them. But the law implies such a promise, from the relation created by the bond. And in such case, the surety may have an action against the principal for money paid, at his request, and for his use; the legal liability, created with the consent of the principal, is equivalent to a request, and the law thereupon raises the promise. When one has paid the debt of another, or received payment of the

32 *

debt due in whole or in part to another, in something other than cash, it is deemed, as between the parties, to be a payment of money. *Floyd* v. *Day*, 3 Mass. 403; *Randall* v *Rich*, 11 Mass. 494.

But it is not necessary to go to that extent in the present case. The agreement to which the defendant was a party, carries a clear implication, that the labor was to be done, on the procurement and retainer of the defendant, to enure to his benefit, as cash, on his contract for land, and the law implies a promise to pay the plaintiff for it. The legal obligation, under which the plaintiff placed himself by his promise to Wood and Hildreth, made with the consent of Gladwin, and for his account, precluded the latter from revoking his request, and rescinding his implied promise to pay the plaintiff for his labor.

Whether the prices for painting work, stipulated for in the contract, are conclusive as between these parties, or whether the plaintiff can recover as upon a *quantum meruit*, we give no opinion.