## JOHN PERRY vs. SAMUEL SWASEY.

The maker of a note who has paid a third person to guarantee it, is a compe-
tent witness for the payee against such guarantor, as his interest is equally
balanced.

If the maker of a note releases to a third person a claim against him, to an
amount equal to the note, upon the promise of such third person to pay and
take up the note, the payee of the note may enforce such promise, although
not made to himself.

It seems, that in such case the guarantor would be liable to the payee as for
money had and received to his use ; the discharge of his own debt to the maker
being equivalent to a receipt of so much cash for the payee of the note.

THIS was an action of assumpsit to recover the amount
due upon a promissory note, of which, with the indorsements
thereon, the following is a copy : $400.  Boston, December
31, 1849.  Two months after date, I promise to pay John
Perry, or order, four hundred dollars, with interest, value re-
ceived.  Sarah E. Harvey.  Witness, Samuel Swasey.  On
the back were the following indorsements : $300.  Received
as per receipt, three hundred dollars on this note, March 3,
1850; this amount paid by Mr. Swasey.  $50.  Received
fifty dollars June 28, of Mr. Swasey, on this note.  John
Perry.  Below was indorsed the name of S. Swasey.

The declaration charged the defendant as promisor, and
also as guarantor, and contained also a count for money had
and received to the plaintiff's use.

At the trial in the court of common pleas before *Byington*,
J., it appeared in evidence that the note declared on was in-
dorsed by the plaintiff to one Bradbury, to be held by him as
collateral security for the payment of a note made by him to
said Bradbury, and that his note and the note declared on
were placed in the hands of the agent of said Bradbury in
Boston.  It also appeared that the defendant put his name on
the back of this note in July or August, 1850, when the note
was in the hands of Bradbury or his agent; that at the time
the defendant said to the agent or to the party acting for
him, that he was to pav the balance of the note, and added

that he was about going to the state of Maine to be gone a short time and could not pay it then conveniently, but if they would wait for the payment, he would indorse it to make it all safe, no one being present but the agent of Bradbury; that, subsequently to this time and before the action was brought, the note was delivered to the payee thereof, the plaintiff in this action, he having taken up his own note, for security of which this was pledged. The plaintiff produced the maker of the note as witness, and the defendant objected to her testifying, because of her interest in the event of the suit, it appearing on her examination on the *voir dire* that she believed that the defendant was owing her at the time of his indorsement of the note, and was still owing her a sum of money. But the court permitted her to testify. Her testimony tended to show that at and before the time the defendant put his name on the note, he was boarding with her and continued to board with her down to January, 1851, and that, at or before the time he so indorsed the note, he agreed to pay the amount of and take up the note, and that he was not to pay her anything for board until the bill for board should be equal to the amount due on the note, and that sum was to be allowed him as payment for his board; that in January, 1851, she informed the defendant his board-bill was due, and requested him to take up the note and return it to her; that on January 11, 1851, the witness and the defendant met, and that the amount due for board was $126.36 ; that it was then settled by crediting the amount then due on the note to the defendant, and the balance due for board, after deducting such credit, was paid by him to the witness, and the witness gave the defendant a receipt in full for said $126.36, and took from the defendant his agreement in writing to pay said note, as follows : Boston, January 11, 1851. I hereby agree to take up and pay the balance on note signed by Sarah Harvey, given to Mr. John Perry, and indorsed by S. Swasey, and hold said Mrs. Sarah Harvey from all liabilities of said note. S. Swasey. She also testified that she never authorized Swasey to do anything but pay the note. The counsel for the defendant asked the court

to rule, that this agreement between the maker of the note and the defendant was not a consideration for a guaranty of the note which would entitle the plaintiff to maintain the action against the defendant, as guarantor. But the court ruled and instructed the jury, that if satisfied that the agreement was made between the witness and defendant, as testified to by her, and that the defendant, in pursuance thereof, indorsed the note, and that the witness executed the agreement on her part, it formed a sufficient consideration for the guaranty; and if the guaranty was accepted by the holder of the note, Bradbury, the plaintiff might maintain the action, he having afterwards redeemed the same from Bradbury, the pledgee.

A verdict having been returned for the plaintiff, the defendant filed his exceptions to the rulings.

*H. Jewell,* for the defendant. 1. The liability of the defendant, if at all, is as a guarantor. *Tenny* v. *Prince,* 4 Pick. 385.

2. To support an action upon the guaranty, there must be a consideration moving from the plaintiff to the defendant at the time of the indorsement. *Bourne* v. *Mason,* 1 Ventr. 6; *Crow* v. *Rogers,* Stra. 592, cited Selw. N. P. 50; *Price* v. *Easton,* 4 Barn. & Ald. 433; *Hinkley* v. *Fowler,* 3 Shepl. 285; *Tenny* v. *Prince,* 7 Pick. 245. The plaintiff was no party to the transaction; the note was in the hands of Bradbury, an indorsee for value.

3. The note being in Bradbury's hands when the guaranty was made, Bradbury alone can bring suit upon it. The guaranty is not negotiable. *Sanford* v. *Norton,* 14 Verm. 228; *Barlow* v. *Smith,* 4 Verm. 139; *How* v. *Kemball,* 2 McLean, 103; *Lamorieux* v. *Hewitt,* 5 Wend. 308; *McDoal* v. *Yeomans,* 8 Watts, 361; 3 Kent Com. 214, note *a*; Story on Notes, § 484; *Smith* v. *Dickinson,* 6 Humph. 261; *Turley* v. *Hodge,* 3 Humph. 73; *True* v. *Fuller,* 21 Pick. 140.

4. There is no consideration of any kind moving from either the plaintiff or Bradbury to sustain this guaranty. There is no pecuniary consideration. No detriment received by either of them. There is no agreement for delay to the maker of the note, nor to the defendant. As to the defendant, there

could be no delay; he was in no way liable till he indorsed the note.

5. If the testimony of the witness, Harvey, is admitted, it shows no consideration for the guaranty declared on. (1.) The witness did not authorize or request the defendant *to guaranty* the note. He agreed *to pay* the note. (2.) The guaranty was not in pursuance of any agreement between the defendant and witness. (3.) The agreement between the witness and the defendant, in regard to the payment of the note, was for the benefit of the witness alone, and the plaintiff was in no sense a party to it. (4.) So far as the defendant was bound by any contract with the witness, the guaranty was purely voluntary. (5.) The contract between the witness and defendant was completely executed, and his written obligation was given to pay the note, upon which he was liable to her alone.

6. The witness was incompetent by reason of interest. A judgment against the defendant, if satisfied, would discharge her from payment of the note. She would not be liable to reimburse the amount on account of the agreement of the defendant to pay the note.

*J. W. Emerson,* for the plaintiff.

SHAW, C. J. 1. The first question is, whether the witness, Mrs. Harvey, was a competent witness. The facts in the case are these: She made a note to Perry, the plaintiff, and he indorsed it to Bradbury, as collateral security for his debt to said Bradbury. Of course, Perry had still an interest in it. Afterwards Bradbury returned it to him, for his own use, the purpose of the pledge having been accomplished. Swasey, the defendant, promised Mrs. Harvey to pay it, and put his name on it in pursuance of that promise; but that promise and indorsement are not the ground of this action, but are important as evidence. Afterwards Mrs. Harvey settled with Swasey, and gave him a discharge from a debt due her for his board, acknowledged to be for an amount equal to the payment of the note, and Swasey engaged to pay the note. He did make two payments on it. It seems to us that Mrs. Harvey was a competent witness. She had put money into

the hands of the defendant to pay her debt with; and he had received from her a full consideration for doing so. If she should be ever called on to pay the note, she would have her remedy over against the defendant, Swasey. So her interest was equally balanced.

2. Then the general question is, whether, upon the facts, the plaintiff can maintain this action. As it was first opened, it seemed to be the case of a first indorser suing a second; but a fuller examination, and especially the production of the note and the receipt, presents the case in a different aspect. Mrs. Harvey engaged the defendant to pay her debt, and put money into his hands for that purpose; he promised to pay it. This promise was made known to the plaintiff, who again became the holder of the note, and the defendant made two payments upon it in the hands of the agent of Bradbury, the pledgee of the note. This raised a good implied promise to pay the plaintiff; and the money received by the defendant of Mrs. Harvey, for the payment of her debt to the plaintiff, was a consideration for his promise to pay the holder of her note; and the law creates the privity, and enables the party who is to have the benefit of the promise to treat it as a consideration moving from him. *Dutton* v. *Poole,* 1 Vent. 318; *Carnegie* v. *Morrison,* 2 Met. 381; *Fitch* v. *Chandler,* 4 Cush. 254; *Brewer* v. *Dyer,* 7 Cush. 337.

3. We are strongly inclined to the opinion that the plaintiff is entitled to recover on the money counts, as for money had and received. *Hall* v. *Marston,* 17 Mass. 575. Mrs. Harvey placed money in the hands of the defendant for the use of the plaintiff, and the authority from her to pay it to the plaintiff was never revoked. The discharge of a debt due in money is, for many purposes, equivalent to a payment in cash. One who has collected the debt of another, by taking a note in his own name, is liable as for money had and received. *Floyd* v. *Day,* 3 Mass. 403. So where he collects such debt by levying an execution on the debtor's land in his own name. *Randall* v. *Rich,* 11 Mass. 494.          *Exceptions overruled.*