JAMES WALLACE v. JOHN KENNELLY.

1. On *certiorari* to remove an appeal from the District Court of a city, the facts most favorable to the plaintiff's or defendant's case, which are essential to support the judgment, shall be taken as found, and will not be weighed in this court against opposing evidence.
2. A state of the case must contain only enough of the facts to enable the court, on appeal, to determine the legality of the rulings in the court below.
3. Where, by oral agreement, between a landlord, his lessee and a third party, a new term is created in such party, who enters into possession and pays rent, which is accepted, under such substituted tenancy, this will constitute a surrender of the lease by act and operation of law. Both the privity of estate and the privity of contract must be ended to constitute such surrender.
4. Facts necessary to be known, to explain or introduce a fact in issue, or relevant, may be admitted in evidence.

On *certiorari* to the Court of Common Pleas of Hudson county.

An action of debt was brought in the First District Court of Jersey City, by James Wallace, against John Kennelly, for two months' rent, for the months of October and November, 1883, at $35 per month, under a sealed lease between the parties, for the ground floor of No. 322 Henderson street and cellar privileges, for the term of two years and ten months, from July 1st, 1883, to May 1st, 1886; payment of rent to be made in advance on the first day of each and every month. By deed of assignment, dated July 30th, 1883, John Kennelly transferred this lease to Joseph Kennelly, for the residue of the term therein mentioned. John Kennelly paid one month's rent, for the month of July; Joseph Kennelly paid to the landlord, James Wallace, rent for the months of August and September in advance, and receipts were given to him for such payment. Rent for the months of October and November being unpaid, this suit was brought by the landlord against the original lessee, John Kennelly, and ver-

·dict and judgment were given for defendant. On appeal to the Court of Common Pleas, the judgment was affirmed and this *certiorari* brought.

Argued at February Term, 1885, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the prosecutor, *W. B. Gilmore.*

For the defendant, *J. Flemming.*

The opinion of the court was delivered by

SCUDDER, J.   By section 174 of the District Court act, {*Rev., p.* 1330,) from the order, determination or decision of the Court of Common Pleas, an appeal may be removed into this court by writ of *certiorari,* and the writ shall remove said order or determination and the case agreed upon or settled as therein mentioned.   What the state of the case must contain is indicated in *Benedict* v. *Howell,* 10 *Vroom* 221.   In brief, it must contain only enough of the facts to enable the court, on appeal, to determine the legality of the rulings in the court below.   By section 170 of the act, the determination of the judge (or in cases where there is a jury, the verdict of a jury and any judgment thereupon,) shall be final and conclusive between the parties upon questions of fact, except as therein provided.   The facts most favorable to the plaintiff's or defendant's case, which are essential to support the judgment, shall be taken as found, and will not be weighed in this court against opposing evidence.   Here the facts as shown by the state of the case must, after verdict, be most liberally construed in favor of the defendant.

The first objection urged is that the district judge, instead of deciding on the evidence that as there was no surrender in writing of the lease signed by the lessor, or by act and operation of law, under the statute of frauds, permitted the evidence to go to the jury, and charged " that if a tenant and landlord verbally agree that the lease shall end, and the leased premises

are by such agreement given up by the tenant, and his posses-
sion of them ends, and the landlord agrees with and accepts
another person as his tenant, who, as such tenant, occupies the
premises and pays the rents to the landlord, this will, in law,
operate as a surrender by the first tenant."

The judge also charged " that if the landlord or the agent
assented to an assignment and agreed that the lease should be
assigned by John Kennelly to Joseph Kennelly, and if it was
actually assigned in writing, pursuant to such assent, the as-
signment would not be an ending of the lease or term."

The substance of the charge in the words used by the court
was, as I understand it, that an assignment of the lease with
the verbal consent of the landlord and the subsequent accept-
ance of rent by him, would not be a surrender of the lease in
writing or by act and operation of law, but that other facts in
the case, if found by the jury, might effect a surrender by act
and operation of law.

On demurrer to a plea in *Hunt* v. *Gardner*, 10 *Vroom* 530,
it was held that where the facts set out in the plea are that
the lessee assigned away his interest in the lease, and that the
lessor received the rent from the assignee and accepted him as
his tenant under the lease, these constitute no bar to an action
of covenant for rent on the lease, against the original tenant.

The utmost effect of these averments is that the privity of
estate is ended, but not the privity of contract. There must
be the further averment that such assignee was substituted in
the place of the original lessee, with the intent, on the part of
the parties to the demise, to annul its obligations. If this be
established by competent proof, in writing or by parol, then
there are no more contract relations between the parties re-
maining upon which either an action of covenant or debt can be
maintained. See cases collected in notes (2) *Woodf. on L. &
T.* 496. Here there is evidence that there was an oral agree-
ment between the lessor, James Wallace, and John Kennelly,
the lessee; that by it not only was there a consent to the as-
signment of the lease by John to Joseph Kennelly, but it was
also agreed that a lease should be drawn and executed by the

lessor to Joseph, and that he should be substituted as tenant, and that although no lease was drawn, Joseph was in fact substituted for John, and thereupon took possession of the premises and paid rent for two successive months thereafter, which was accepted by the landlord and receipts given to him as tenant. These facts, if believed by the jury, are a sufficient surrender to determine the former tenancy. *Woodf. on L. & T.*, § 498; *Nickells* v. *Atherstone*, 10 Q. B. 944; *Murray* v. *Shave*, 2 *Duer* 182; *Randall* v. *Rich*, 11 *Mass.* 494; *Dodd* v. *Acklom*, 6 *M. & G.* 672; *Grimman* v. *Legge*, 8 *B. & C.* 324. A fact corroborative of such substituted tenancy is found in the second receipt given by the landlord, James Wallace, dated September 1st, 1883, for rent up to October 1st. The last sentence in this receipt reads, " Let for one month only." This is not according to the term in the lease to John Kennelly, but the receipt being given to Joseph Kennelly, for rent paid by him, must indicate that the term of his tenancy was monthly, and under a new letting to him.

There was no error in leaving this question to the jury on the disputed question of facts, and the defendant's testimony, if believed, was sufficient to establish a surrender by operation of law. The effect of such subsequent letting, as stated by Lord Denman in Nickells v. Atherstone, is, "as far as the plaintiff, the landlord, is concerned, he has created an estate in the new tenant which he is estopped from disputing with him, and which is inconsistent with the continuance of the defendant's term."

The other reason assigned is that the judge admitted illegal evidence in defence of the action. There was a clause in the lease that " this lease is upon condition that no ales or porter shall be sold by the tenant on said premises excepting that manufactured and bought from the landlord, James Wallace." This was a condition subsequent, and the breach of it would not defeat the lease. A breach might subject the lessee to damages. The judge admitted this evidence and said he would control it afterwards. It was clearly irrelevant to show that the landlord delivered bad ale, which, on notice, he took

back and sent other ale, which was no better.   If the ale was unfit for use, the tenant might defend for that cause if sued for not taking it, or if he bought from others and sold it on the premises.   For such cause it might be a defence in an action for breach of the covenant, but it was no defence to the landlord's action for rent.   If admitted, therefore, as matter of direct defence, the error would not be cured by a subsequent charge directing the jury to disregard it.

But there is a view in which this testimony is relevant and admissible.   There was a dispute about the quality of the ale, between the landlord and tenant.   The defendant testifies : " I notified the plaintiff the ale was bad, and told him to send for it ; he sent for it and took it back, and said he would send a sample package ; he did so, and what he then sent went flat·; I could not sell any of the ale—no one would drink it about there ; I told plaintiff the place would not pay, and I would give up the lease ; that the ale would not sell there ; plaintiff asked me if I had anybody to take the place ; I told him yes, and asked him if he was satisfied to do so."   He says he sent over his brother, and the arrangement was made with him as above stated.   *Stephen's Digest of the Law of Evidence, pt.* 1, *ch.* 2, *art.* 8, says : " Facts necessary to be known to explain or introduce a fact in issue or relevant fact, or which support or rebut an inference suggested by a fact in issue or relevant fact, &c., are relevant in so far as they are necessary for these purposes respectively."   The dealings of these parties in the ale, being the cause of complaint, and wish to be released from the lease on one side, and the motive for the alleged consent and willingness of the other to the substitution of another tenant, brings the evidence within the rule above stated.   It tends to· show how the parties came together and why they acted as it is claimed they did, for it appears to be the immediate and only cause assigned for the change in the tenancy, and ending the privity of contract, which is the fact in issue.   The judge said to the jury, in his charge : " The delivery of bad ale, or ale that spoiled, would not in this case end the lease, or be a defence.   What the facts are as to the quality of any ale the·

plaintiff furnished to defendant, you are to use only to throw light upon or help you to conclude what the parties said in New York, and agreed upon at the interview between them about the premises." There was no error in admitting the evidence and limiting it to the purpose for which it was alone relevant to the issue.

The judgment will be affirmed.