FANNY E. CLARK *vs.* SAMUEL D. JENNESS.

Suffolk.　March 14, 1905. — May 22, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Contract,* Implied: common counts.

In an action for $75 had and received to the plaintiff's use, it appeared that the defendant agreed to pay that sum in settlement of an action and claim for rent by a third person against the plaintiff, whereupon the plaintiff gave the defendant $25 in cash and surrendered to him two receipts representing $50 which the plaintiff previously had paid to the defendant upon a mortgage debt, the defendant agreeing to pay the $50 previously received from the plaintiff in settlement of the action against the plaintiff instead of applying it in reduction of the mortgage debt, and that the defendant paid nothing in settlement of the action and claim against the plaintiff. *Held,* that the plaintiff could recover the sum of $75 in this action.

CONTRACT for $75 had and received to the plaintiff's use, with a second count setting out the facts relied upon to maintain the action. Writ in the Municipal Court of the City of Boston dated April 22, 1903.

On appeal to the Superior Court the case was tried before *Aiken*, J. At the close of the evidence the defendant requested the judge to rule that upon all the evidence the plaintiff could not recover, and further to rule that, with reference to the alleged payment of $50 by the plaintiff to the defendant, the delivery by the plaintiff to the defendant of receipts for amounts previously paid by the plaintiff to the defendant on account of a mortgage held by the defendant did not constitute a payment of money for which recovery could be had in this action ; and that the payment of $25 in the manner testified to by the plaintiff gave no right of action therefor against the defendant.

The judge refused to rule as requested, and ruled in substance that if the payment of the $25 was made by the plaintiff to the defendant to be paid to one Clapp, mentioned in the opinion, to pay the rent for the week ending March 1, 1901, and was not paid to Clapp but was retained by the defendant, the plaintiff could recover the amount from the defendant in this action, and with reference to the payment of $50 by delivery of the receipts mentioned above, gave the instruction quoted in the opinion.

The jury returned a verdict for the plaintiff in the sum of $82.88 ; and the defendant alleged exceptions.

*A. W. Eldredge,* (*W. Keyes* with him,) for the defendant.

*G. H. Russ,* for the plaintiff, was not called upon.

KNOWLTON, C. J. One Clapp, who was the owner of premises occupied by the plaintiff as tenant, brought an action against her and attached her furniture to recover arrears of rent. The defendant told her that he had seen Clapp and could settle the suit for $50, but that Clapp also insisted upon the rent, amounting to $25, for the week ending about March 1, 1901, after which time he, the defendant, had arranged to hire the house of Clapp, and the plaintiff could thereafter pay rent to him at $25 per week, as his tenant. The plaintiff said that this arrangement would be satisfactory, and she thereupon paid him $25 in cash, and gave back to him two receipts to the amount of $50 for money which she previously had paid him on a mortgage

debt which he held against her, it being agreed that these receipts should be treated as money, and that the money previously paid should not be applied as originally intended in reduction of the mortgage. The evidence tended to show that the defendant did not pay Clapp any money, nor settle the action which he had against the plaintiff, nor make any attempt to settle it.

The judge rightly refused the defendant's requests for rulings, and properly submitted the case to the jury. He instructed them that "If the parties agreed to treat the surrender of the receipts as a money transaction and consider it a payment of money, the plaintiff could recover the fifty dollars in this action." This was in accordance with the authorities. *Randall* v. *Rich,* 11 Mass. 494. *Arms* v. *Ashley,* 4 Pick. 71. *Emerson* v. *Baylies,* 19 Pick. 55. *Perry* v. *Swasey,* 12 Cush. 36.

The evidence well warranted a finding that there was $25 due to Clapp for rent for the week ending March 1, 1901. If the defendant received this sum to be paid to Clapp for this rent and did not pay it, he is liable for it in an action for money had and received. The jury might have disbelieved the defendant's testimony that he hired the premises from Clapp on or about February 22, 1901, and even if it were true, it would not necessarily be a defence to this action.

*Exceptions overruled.*