### NORRIS DRUG COMPANY *vs.* GAINSBORO BUILDING CORPORATION.

Suffolk.   March 10, 1927. — May 23, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Landlord and Tenant,* Covenant in lease permitting termination by lessor. *Evidence,* Relevancy and materiality, Res inter alios.

A lease of premises for use as a store in a building, portions of which were leased to other tenants, contained the following: "Provided always, that in case the said premises, or any part thereof, or the whole or any part of the building of which they are a part . . . shall be destroyed or damaged by fire or other unavoidable casualty . . . after the execution hereof and before the expiration of the said term, then this lease and the said term shall terminate at the election of the lessor . . . ." A fire having occurred which caused substantial injury to the building and the destruction of some of the wood work, but did not injure the store nor that tenant's business, the lessor elected to terminate the store lease and gave that lessee due notice of the termination.   The lessee brought a bill in equity to enjoin such termination.   *Held,* that

(1) At the hearing of such suit, evidence offered by the plaintiff that a lease to another tenant, whose premises were damaged by the fire, contained a clause identical with the clause of forfeiture in the plaintiff's lease, and that the defendant had rendered bills for rent accruing after the fire which the tenant paid, was excluded rightly;

(2) The express words of the lease covered and were intended to cover the contingency that, if any part of the building was so destroyed, the lessor could exercise the option of termination;

(3) The wording of the lease being unambiguous, it could not be varied by a construction which would prevent a forfeiture of the lease in the circumstances shown by the record.

BILL IN EQUITY, filed in the Superior Court on May 21, 1926, and afterwards amended, to enjoin the defendant from terminating a lease to the plaintiff and causing him to vacate the leased premises.

In the Superior Court, the suit was heard by *Lourie*, J. Material facts found by him are stated in the opinion. He reserved and reported the suit to this court for determination upon the pleadings and the facts found by him.

*U. D. Garfield,* for the plaintiff.

*W. Hartstone,* for the defendant.

BRALEY, J. The defendant on January 4, 1923, leased to the plaintiff "the corner store numbered 291 Huntington Avenue in said Boston, in the building now numbered 291–303 on said Huntington Avenue." "The demised premises are to be used for the purpose of carrying on the business of a drug store." The lease among other provisions contained the following clause: "Provided always, that in case the said premises, or any part thereof, or the whole or any part of the building of which they are a part, shall be taken for any street or other public use, or shall be destroyed by fire or other unavoidable casualty, or by the action of the City or other authorities, after the execution hereof and before the expiration of the said term, then this lease and the same term shall terminate at the election of the Lessor, and such election may be made in case of any such taking notwithstanding the entire interest of the Lessor may have been divested by such taking; and if they shall not so elect, then in case of any such taking or destruction of or damage to the demised premises, a just proportion of the rent hereinbefore reserved, according to the nature and extent of the injury sustained by the demised premises, shall be suspended or abated until the demised premises, or in case of such taking, what may remain thereof, shall have been put in proper condition for use and occupation."

The trial judge found that on May 2, 1926, a fire occurred in the tailor shop of a tenant, a portion of the building of which the demised premises were a part. It spread to the studio of another tenant, causing substantial injury to the building and destruction of some of the woodwork. But the

plaintiff's store was not injured, nor was his business interrupted while repairs were being made for the restoration of the building. The defendant however, immediately after the fire elected to terminate the lease because of the damage to the building and gave due notice of his election to the plaintiff, who thereupon brought this suit to enjoin further proceedings.

The evidence offered by the plaintiff that the lease to the tenant of the studio contained a clause identical with the clause of forfeiture in the plaintiff's lease, and that the defendant had rendered bills for rent accruing after the fire which the tenant paid, was excluded rightly. The rights of the parties are to be determined on the covenant of the lease under which the plaintiff held the leasehold. *Leominster Fuel Co.* v. *Scanlon,* 243 Mass. 126.

The fact that the fire did not reach the plaintiff's store cannot affect the covenant. The express terms of which are, "or the whole or any part of the building" of which the demised premises were a part, "shall be destroyed by fire." These words cover, and were intended to cover, the contingency, that if any part of the building was so destroyed, the lessor could exercise the option of termination. *Walker* v. *Whittemore,* 112 Mass. 187, 189. Whatever hardship there may be in the case at bar, it comes entirely from the unambiguous wording of the covenant. It cannot be varied by a construction which would prevent a forfeiture of the lease under the circumstances shown by the record. *Whitwell* v. *Harris,* 106 Mass. 532, 537.

A decree is to be entered dismissing the bill with costs.

*Ordered accordingly.*