ANNA L. CLAYTON *vs.* HAROLD C. PERRY.

Suffolk. April 10, 1931. — June 1, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Landlord and Tenant*, Construction of lease, Damage to leasehold by fire. *Evidence*, Presumptions and burden of proof. *Words*, "Substantially destroyed."

In a provision in a lease that "if the leased premises or any part thereof shall be damaged by fire or other unavoidable casualty, so as to be thereby rendered unfit for use and occupation, then and in such case the rent . . . shall be abated until the said premises shall have been duly repaired and restored by the lessor . . . or in case they shall be substantially destroyed, the estate hereby created shall thereupon

be determined," the words "substantially destroyed" were interpreted to mean such destruction that restoration was practically equivalent to construction of new premises rather than the mere repair of the old.

In an action to recover rent under a lease containing the provision above quoted, the defence, that the leasehold estate had terminated by reason of substantial destruction of the premises, was affirmative and the burden of proving it rested upon the defendant.

A first floor apartment of six rooms in a two-family house was not "substantially destroyed" within the meaning of the provision above quoted where, as a result of a fire starting in the second story apartment, there was a hole in the roof requiring some new timbers and shingles; the bathroom in the leased premises could not be used because of a hole in the ceiling four feet square and of burning of a hole in the partition between the bathroom and the adjacent bedroom; the front door and many windows were broken; ceilings were soaked with water; floors and walls were damaged by fire; some plaster was off; holes were bored in the floor to let the water out; and the pantry was damaged by smoke and water; and it required three months to repair the leased premises at a cost not exceeding five months' rent: the leased premises could not properly be found to have lost their identity, and restoration thereof was clearly in the nature of repairs rather than of new construction.

CONTRACT. Writ dated July 12, 1930.

The action was tried in the Superior Court before *Morton*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the plaintiff in the sum of $625. The defendant alleged an exception.

*E. J. Ziegler*, for the defendant, submitted a brief.

*R. Clayton*, for the plaintiff.

FIELD, J. This is an action of contract brought in the Superior Court by a lessor against a lessee to recover rent under a written lease of a part of a building. On motion of the plaintiff a verdict was directed for her in the sum of $625, which was agreed to be the correct amount if it was proper to direct a verdict. The defendant excepted to the direction of this verdict.

The lease provided that "if the leased premises or any part thereof shall be damaged by fire or other unavoidable casualty, so as to be thereby rendered unfit for use and occupation, then and in such case the rent hereinbefore reserved, or a just and proportionate part thereof, according to the nature and extent of the injury sustained, shall be

abated until the said premises shall have been duly repaired and restored by the lessor or her heirs or assigns, or in case they shall be substantially destroyed, the estate hereby created shall thereupon be determined."

The plaintiff admitted by her declaration that during the term of the lease the premises were damaged by fire so that for a time they were "unfit for occupation" and the rent was abated. The defendant, however, contends by way of defence not that he is entitled to a further abatement of rent, but rather that the premises were "substantially destroyed" by fire so that the estate created by the lease was terminated. This was the only issue tried.

The verdict was directed rightly.

Termination of the leasehold estate by substantial destruction of the leased premises was an affirmative defence to be proved by the defendant. See *Wall* v. *Hinds*, 4 Gray, 256, 268. See also *Welles* v. *Castles*, 3 Gray, 323, 325. Compare *Whitney* v. *Gordon*, 1 Cush. 266; *Leavitt* v. *Maykel*, 210 Mass. 55; *Taylor* v. *Kennedy*, 228 Mass. 390.

The evidence in its aspect most favorable to the defendant did not warrant a finding that the damage resulting to the leased premises from the fire, including the damage caused by water, amounted to substantial destruction of the premises within the meaning of the lease.

The premises in question constituted a first floor apartment of six rooms in a two-family house. The rent reserved in the lease was $135 a month. There was no evidence that the damages to the defendant's premises exceeded $600 in amount. The fire started in the second story apartment, which was damaged considerably, and there was a hole in the roof requiring some new timbers and shingles. According to the defendant's testimony "the most substantial damage" to his apartment "was done in the bathroom and the adjoining bedroom and a hole in the plaster three or four feet long was the only damage there." There was evidence of a hole in the ceiling of the bathroom four feet square through which a person might look up through the second story apartment and the roof, and evidence that the partition between the bathroom and the adjoining bed-

room was burned down from the top from one to four feet for a width estimated as from two to seven feet, leaving the timbers exposed, and that the bathroom could not be used. The defendant testified that no other partition was damaged. There was no evidence of injury to heating or plumbing apparatus, or to lighting fixtures, except from smoke. It appeared that the front door and many windows were broken, ceilings were soaked with water, floors and walls were damaged by fire, some plaster was off, holes were bored in the floor to let the water out, and the pantry was damaged by smoke and water. There was evidence that though the fire took place on January 1, 1930, repairs on the defendant's apartment were not completed until April 1, 1930.

The evidence went beyond that in *D. A. Schulte, Inc.* v. *American Realty Corp.* 256 Mass. 258, and warranted a finding that the defendant's premises as a whole were "rendered unfit for use and occupation" within the meaning of the lease, but the inclusion in the lease of a provision for abatement of rent under these circumstances shows that such a finding is not equivalent to a finding that the premises were "substantially destroyed." Substantial destruction must be interpreted to mean such destruction that restoration is practically equivalent to construction of a new apartment rather than the mere repair of the old one. The evidence here does not go to this extent. Except for repairs to the roof and to the partition between the bathroom and the adjoining bedroom, the repairs required were almost wholly plastering, painting and papering. The amount of carpenter work required in repairing the roof and the partition was not shown to be large. Restoration of the premises was clearly in the nature of repairs rather than of new construction. The defendant's apartment did not lose its identity. The entire cost of the repairs did not exceed five months' rent. Though perhaps in some respects the evidence of destruction in this case goes farther than that in *Wall* v. *Hinds*, 4 Gray, 256, the cases cannot be distinguished in principle.

*Exceptions overruled.*