CHRISTINA CARUSO *vs.* ABRAHAM SHELIT.

Suffolk.   November 18, December 5, 1932. — February 21, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Landlord and Tenant,* Surrender.   *Practice, Civil,* Requests, rulings and instructions.

In an action in a municipal court for rent, payable December 15 for the month December 15 to January 15, there was evidence that a fire òn December 16 damaged the premises substantially; that, between Christmas and New Year's day, the plaintiff asked the defendant to move out; that the defendant moved out on January 4, whereupon the plaintiff entered with mechanics to make repairs; and that on January 4 the plaintiff demanded and the defendant gave to him the key to the premises.   The trial judge found that the premises were damaged; that the plaintiff deprived the defendant of the use of the premises by entering to make repairs before the end of the month; that the defendant moved out at request of the plaintiff; and that the defendant "was evicted."   There was a finding for the defendant. *Held,* that

(1) Although the rent was indivisible and was payable before the fire, the plaintiff lost his right to recover the rent if the tenancy was terminated by a surrender between the rent day and the following rent day;

(2) A finding was warranted that the tenancy was terminated between the rent days by a surrender;

(3) The trial judge therefore properly refused a ruling requested by the plaintiff that he was entitled to recover on "all the evidence and the law"; and such refusal was not erroneous by reason of his finding that the defendant was evicted, even if that finding was unwarranted;

(4) There was no error in the refusal of a ruling requested by the plaintiff that his acceptance of the key after the defendant had "abandoned the premises does not constitute a waiver" by the plaintiff of his right to the rent: the judge could not be required to make a ruling of law as to a fragment of the evidence.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated March 17, 1932.

The action was heard in the Municipal Court by *Carr*, J. Material evidence and rulings requested by the plaintiff and refused by the judge are stated in the opinion. The judge found for the defendant and reported the action to the Appellate Division. The report was ordered dismissed. The plaintiff appealed.

*H. G. Spence*, for the plaintiff.

*B. Morrison*, for the defendant.

FIELD, J. This action of contract was brought in the Municipal Court to recover $75 rent of a store for the period from December 15, 1931, to January 15, 1932. There was a finding for the defendant and a report to the Appellate Division which was dismissed. The plaintiff appealed.

The defendant on December 15, 1931, was the tenant of a store, owned by the plaintiff, under an oral agreement to pay a monthly rent of $75 in advance on the fifteenth of each month. Peter Caruso, husband of the plaintiff, managed the property for her.

The evidence showed that on December 16, 1931, the store was substantially damaged by fire. The defendant testified that, as a result of the fire, the fire department tore the roof and tore everything apart, broke the windows and filled the cellar with water; that thereafter the defendant got no heat or light; that, without permission, the plaintiff brought fire appraisers into the store and mechanics to figure repairs; that Peter Caruso put some boards and canvas on the roof; that he asked the defendant to move out as soon as convenient and on January 4, 1932, demanded the key, which the defendant gave to him; that the plaintiff had mechanics there to start the work; that between Christmas and New Year's day she asked the defendant to move; that the defendant moved out January 4, and the men went in and made the repairs; that on January 4 the defendant gave the plaintiff the key to the padlock which the defendant had put on as the lock on the door was broken; that three or four days later he gave the plaintiff the keys to this lock, and that in February the plaintiff talked to the defendant about renting

the place at $85. The testimony of Peter Caruso, which need not be recited, conflicted in many respects with the testimony of the defendant.

The trial judge made the following finding: "I find the premises were substantially damaged by fire; that before the end of the month the plaintiff entered with contractors to make repairs, thereby depriving the defendant of the use of the premises, and requested the defendant to move out so that he could make repairs, and that the defendant did move out, and I find that he was evicted."

The plaintiff made requests for rulings, all of which were granted except the first and the seventh. The first ruling requested, "That upon all the evidence and the law the plaintiff is entitled to recover one month's rent in the sum of $75," was refused. With respect to the seventh ruling requested, "That the acceptance of the key to the store by the landlord from the tenant during the unexpired month of the tenancy and after the tenant has abandoned the premises does not constitute a waiver by the landlord of his right to be compensated to the full month's rent," the trial judge ruled that it was a "Question of fact whether taking keys is a surrender."

The only matter for our consideration is whether the trial judge dealt correctly with these requests for rulings. *Reid v. Doherty*, 273 Mass. 388.

1. The first request for a ruling was within the terms of Rule 35 of the Municipal Court of the City of Boston (1928) that "No review as of right shall lie to the refusal of a request for a ruling 'upon all the evidence' in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified." However, without relying upon this rule, we proceed to consider the question attempted to be raised by this request.

The ruling was refused rightly. No question of pleading is raised thereby (*Ideal Leather Goods Co.* v. *Eastern Steamship Corp.* 220 Mass. 133, 135–136, *Allen* v. *Kilpatrick*, 277 Mass. 237, 241), and on the evidence the ruling could not properly have been made.

The evidence warranted a finding for the defendant. He was a tenant at will with monthly rent days. G. L. (Ter. Ed.) c. 183, § 3. The monthly rent was indivisible. Though the rent sued for was payable in advance on December 15, 1931, if the tenancy was terminated by surrender between that date and the following rent day, such termination, under our decisions, destroyed the right which the plaintiff "previously had to require the payment of the rent for that month . . . as to the whole amount of that rent." *Sutton* v. *Goodman*, 194 Mass. 389, 395. See also *Hall* v. *Middleby*, 197 Mass. 485, 489. The burden of proving surrender was on the defendant. *Taylor* v. *Kennedy*, 228 Mass. 390. The evidence, however, warranted a finding that the tenancy was terminated by a surrender by operation of law between the rent days. G. L. (Ter. Ed.) c. 183, § 3. It could have been found that there were acts "equivalent to an agreement on the part of a tenant to abandon and on the part of the landlord to resume possession" of the premises within the month. *Talbot* v. *Whipple*, 14 Allen, 177, 180. *Taylor* v. *Kennedy*, 228 Mass. 390, 392. The evidence that the defendant in compliance with the plaintiff's requests or demands gave up the key to the store and moved out, and that the plaintiff entered upon the premises, combined with other circumstances disclosed by the testimony, justified the conclusion that the defendant relinquished possession of the premises permanently, and that the plaintiff resumed possession thereof under conditions inconsistent with the continuance of the tenancy. *Randall* v. *Rich*, 11 Mass. 494. *Talbot* v. *Whipple*, 14 Allen, 177. *Means* v. *Cotton*, 225 Mass. 313. *Dodd* v. *Acklom*, 6 Man. & G. 672. Compare *Taylor* v. *Tuson*, 172 Mass. 145; *Leavitt* v. *Maykel*, 210 Mass. 55.

It is not necessary to consider whether the evidence warranted a finding that the defendant was evicted. The ruling requested was based upon all the evidence and could not have been made if the evidence, as was the case, warranted a finding for the defendant on the ground of surrender. The judge's refusal of this ruling would not be rendered erroneous by an unwarranted finding of eviction.

2. There was no error in the disposition of the plaintiff's seventh request for a ruling. The evidence in regard to acceptance of the key by the plaintiff was proper for consideration with other relevant evidence on the question of fact whether there was a surrender. *Means* v. *Cotton*, 225 Mass. 313. The judge was not required to rule upon the effect of a single disconnected fact. *Smith* v. *Import Drug Co.* 253 Mass. 368, 371.

*Order dismissing report affirmed.*