JOHN SIMPSON, JR. *vs.* EASTERN MASSACHUSETTS
STREET RAILWAY COMPANY.

Bristol.    October 28, 1935. — December 4, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil,* Requests, rulings and instructions; Appellate Division: appeal. *Pleading, Civil,* Declaration. *Motor Vehicle,* Trailer. *Words,* "Trailer," "In connection with commerce."

The refusal by the judge of a district court of a request for a ruling "on all the evidence," not reviewable as of right by the Appellate Division under Rule 27 of the District Courts (1932), and not in fact reviewed by it, was not before this court on appeal from the Appellate Division's order.

The disposition of a request for ruling not made with reference to the pleadings cannot be disturbed if it was right either with or without such reference.

Reference by a plaintiff in a declaration to a certain vehicle as a "trailer truck" or "trailer" was not an admission that it was a "trailer" as defined by G. L. c. 90, § 1, as amended.

A finding was not required as matter of law that a large vehicle generally used to convey large steam shovels to different places for excavating work, and being towed on the occasion in question on a public highway by a truck owned by one who had hired the vehicle from its owner for such use in connection with the hirer's excavating work, was a "trailer" within G. L. c. 90, § 1, as amended by St. 1923, c. 464, § 1.

TORT. Writ in the Second District Court of Bristol dated December 22, 1928.

The action was heard in the District Court by *Cook*, J., who found for the plaintiff in the sum of $1,000. From an order by the Appellate Division for the Southern District dismissing a report, the defendant appealed.

*A. E. Seagrave*, (*A. E. Beaulieu* with him,) for the defendant.

*H. W. Radovsky*, (*C. Soforenko* with him,) for the plaintiff.

FIELD, J. This is an action of tort brought in the District Court to recover compensation for damage to the plaintiff's vehicle resulting from its being struck on the highway by an electric car of the defendant which was being operated negligently. The declaration describes the vehicle as a "trailer truck" and as a "trailer." The answer contains a general denial and an allegation of contributory negligence of the plaintiff. The defendant made these requests for rulings: "1. On all the evidence, the plaintiff is not entitled to recover. 2. The plaintiff, having suffered an unregistered trailer to be drawn over a public highway, said vehicle was an outlaw on said highway at the time of the accident." The trial judge refused to rule as requested and found for the plaintiff. A report to the Appellate Division was dismissed and the defendant appealed to this court.

The report contains these statements: A "vehicle owned by the plaintiff and sometimes described as a 'trailer' . . . was attached to a motor truck which came into collision with an electric car owned by the defendant company on

October 20, 1928 . . . . The plaintiff testified that he was a resident of Rhode Island and was engaged in the business of excavating and trucking. The vehicle described as a 'trailer' was used by him in that State, where it is agreed that registration of trailers was not required and where similar and reciprocal privileges were granted residents of this Commonwealth. It carried no Massachusetts registration or plates at the time. It weighed ten tons and had a capacity of twenty-eight tons. It had a length of twenty-eight feet and was nine and one half feet wide. It was equipped with eight wheels. Its general use was to convey large steam shovels to different places for excavating purposes and was to be used for that purpose on this occasion. On the day of the accident said vehicle was hired by the firm of Greany & Sherry in Fall River, who attached the same to a motor truck twenty feet in length owned and registered by said Greany & Sherry in Massachusetts. The truck had towed the vehicle in question to Fall River and was travelling over the city streets to Westport when the accident happened. A permit to tow the vehicle through the streets of Fall River and Westport was duly obtained from the municipal authorities of Fall River and Westport and the State Department of Public Works. An employee of the plaintiff was riding on the trailer at the time."

The report also recites that there "was evidence offered to show that the operator of the motor truck drove the machine with trailer attached over and across the tracks of the defendant company located on a public highway . . . upon which tracks an electric car was approaching," and that there "was evidence from which it could be found that solely as a result of the negligence of the operator of said street car the latter struck said trailer, causing the damage complained of."

Findings of fact cannot be reviewed on this appeal. The only ruling of law requiring consideration is the refusal of the defendant's second request for a ruling. Since the defendant's first request for a ruling was based "on all the evidence" and was not in conformity with Rule 27 of the District Courts (1932), the action thereon of the trial judge

was not reviewable as of right by the Appellate Division. And such action was not actually reviewed by the Appellate Division. Consequently no action of the Appellate Division on this request for a ruling is before us for review on this appeal. *McKenna* v. *Andreassi, ante,* 213.

There was no error of law in the refusal of the trial judge to rule in accordance with the defendant's second request.

As the report does not show affirmatively that this request was made with reference to the pleadings, the action of the trial judge cannot be reversed if it was right either with or without reference to the pleadings. *Allen* v. *Kilpatrick*, 277 Mass. 237, 241. *Ferris* v. *Boston & Maine Railroad,* 291 Mass. 529, 533. Whether this principle would go so far as to deprive the defendant of the benefit of a judicial admission in the declaration binding on the plaintiff under G. L. (Ter. Ed.) c. 231, § 87, we need not decide. There was no such admission in the declaration material to this ruling. The reference in the declaration to the plaintiff's vehicle as a "trailer truck" or "trailer" was not an admission that it was a "trailer" within the statutory prohibition of a person's drawing an unregistered trailer on the highway or of the owner's permitting such a trailer to be operated on the highway or to remain thereon. G. L. c. 90, § 1, as amended (see St. 1923, c. 464, § 1). G. L. c. 90, § 9, as amended (see St. 1928, c. 381, § 3).

The owner of a motor vehicle or "trailer" as defined by statute (G. L. c. 90, § 1, as amended), which is not registered as required by law and is not within any exception to the requirement of registration, who permits it to be operated or to remain on the highway, cannot recover compensation for damage caused to it while on the highway by the negligence of another person. G. L. c. 90, § 9, as amended. *Di Cecca* v. *Bucci,* 278 Mass. 15. The ruling requested bore on the application of this principle of law to the facts of this case.

The requested ruling necessarily implied a finding by the trial judge that the plaintiff's vehicle was a "trailer" within the meaning of G. L. c. 90, § 1, as amended, which, for the purposes of the statute governing the use of trailers on the

highway (G. L. c. 90, § 9, as amended), defined a "trailer" as "a vehicle used for carrying passengers for hire or commodities in connection with commerce and having no motive power of its own, but which is drawn by a motor vehicle," with an exception not here material. The ruling was refused rightly if the implied finding was not made or required as matter of law. *Adams* v. *Dick*, 226 Mass. 46, 57. *Shay* v. *Gagne*, 275 Mass. 386, 390.

There was no express finding by the trial judge that the plaintiff's vehicle was such a "trailer." And the facts set out in the report bearing on the nature of the plaintiff's vehicle, though treated as established in favor of the defendant because found, agreed upon, or shown by evidence binding on the plaintiff, did not require such a finding. The statutory definition of "trailer" was considered in *Coleman Bros. Inc.* v. *Union Street Railway, ante*, 557, with reference to a somewhat similar state of facts, and it was pointed out that the limitation of the definition to vehicles used in carrying commodities "in connection with commerce" required some commercial element beyond mere transportation to bring a vehicle used for carrying commodities within such definition. The "general use" of the plaintiff's vehicle "was to convey large steam shovels to different places for excavating purposes" and it "was to be used for that purpose on this occasion." Excavation is not commerce. Under the decision in the case cited, such transportation of steam shovels by the owner of the vehicle in connection with, and solely as incident to, such owner's work of excavation would not be carrying commodities "in connection with commerce" within the meaning of the statutory definition of "trailer." The present case, in this aspect, is not distinguishable from *Coleman Bros. Inc.* v. *Union Street Railway*, unless on the ground that the plaintiff's vehicle was not being used by its owner in connection with his own work of excavation. But the use of the vehicle by Greany and Sherry who hired it from the plaintiff for use in connection with their work of excavation was not a use by them for "carrying . . . commodities in connection with commerce" merely because the vehicle was hired and not

owned by them. And whatever would have been true if the plaintiff himself had used the vehicle for transporting the steam shovels for hire, the plaintiff by letting the vehicle to Greany and Sherry for use by them for transporting the steam shovels in connection with their work of excavation was not using such vehicle for "carrying . . . commodities in connection with commerce." The fact that special permits were obtained for the plaintiff's vehicle under G. L. c. 90, § 19, as amended (see St. 1927, c. 72), prohibiting the operation of a "commercial motor vehicle, motor truck or trailer" on a way without such a permit did not require a finding that the plaintiff's vehicle was a "trailer" within the meaning of the statutory definition.

We need not consider whether the refusal of the defendant's second request for a ruling can be sustained on any other ground.

*Order dismissing report affirmed.*