Pettingell, J.
Action of contract to recover rent under a lease. The defendant’s answer is a general denial, payment, and acceptance of a surrender of the premises. There was conflicting testimony regarding the acceptance of the surrender and the trial judge found as a fact that there was no express agreement by the terms of which the provision in the lease for a written notice to terminate the lease was waived.
The report contains all the evidence material to the questions reported. There was a finding for the plaintiff.
The defendant requested seven rulings of Which three were given and four were denied. Of the four denied, three were denied properly, the first as not complying with Rule 27 of the District Court Buies (1932 Ed.); Holton v. American Pastry Products Corp., 274 Mass. 268, at 269; Duralith Corp. v. Leonard, 274 Mass. 397; McSorley v. Risdon, 278 Mass. 429, at 431; Mericantante v. Boston & Maine R. R., Mass. Adv. Sh. (1935) at 1613, 1614; and the second and seventh being inapplicable in view of specific findings of fact made by the trial judge.
The fourth ruling requested which was denied, was as follows:
“4. Upon all the evidence the plaintiff accepted a surrender of the premises, Suite 4, 18 Forest Street, Cambridge, Massachusetts, by occupation thereof during the month of July, 1935.”
The denial of this request may import a finding of fact that the plaintiff did not accept a surrender by occupation of the premises.
*312 The trial judge, however, specifically found the following facts:
“That around the middle of July, 1935, the plaintiff permitted one Miss Sias, a tenant of the plaintiff in another apartment....., to move in and occupy the apartment, Suite 4, vacated by the defendant so that repairs might be made in the apartment in which Miss Sias was a tenant in order that it might be made ready for occupancy by a new tenant who had leased Miss Sias’ former apartment as of August 1, 1935; that Miss Sias paid rent to the plaintiff for the month of July, 1935 for her old apartment; that Miss Sias leased Suite 4, the premises vacated by the defendant, as of August 1, 1935.”
Whether or not there has been an acceptance by a landlord of a surrender of the premises by the tenant is a question of fact, Caruso v. Shelit, 282 Mass. 196, at 199; and the burden of proof is on the tenant. Leavitt v. Maykel, 210 Mass. 55, at 62, Taylor v. Kennedy, 228 Mass. 390. But where the evidence shows that by agreement the tenant has abandoned the premises and the landlord has resumed possession the lease is thereby terminated. It is not necessary that such an agreement be express and in writing; it may be implied from “any acts equivalent to an agreement on the part of the tenant to abandon and on the part of the landlord to resume possession”, Talbot v. Whipple, 14 Allen 177, at 180. Where, as in this case, it is undisputed that the tenant moved out with an intention to abandon the possession, the intention of the landlord may be inferred by his act in resuming “possession thereof under conditions inconsistent with the continuance of the tenancy”. Caruso v. Shelit, 282 Mass. 196 at 199.
Putting in another tenant and collecting rent from him is enough to terminate the lessee’s liability to pay rent. Randall v. Rich, 11 Mass. 494, at 496; Talbot v. Whipple, 14 Allen 177, at 180. The estate created in the new tenant is inconsistent with the rights of the old tenant under his lease. Amory v. Kannoffsky, 117 Mass. 351, at 354.
*313 In our opinion the facts found by the trial judge warranted a finding that the plaintiff had accepted the defendant’s abandonment of the premises and had proceeded to deal with the premises for his own benefit, in a maimer which was certainly inconsistent with the rights of the defendant under his lease. The new tenant was already a tenant of the defendant. It moved her into the apartment vacated by the defendant in order to put the premises formerly leased by her in repair, so that they might be leased to still another tenant without loss of income to the plaintiff. The rent paid by Miss Sias was credited to the apartment which she had left which was in the possession of the plaintiff. If the plaintiff had considered that the defendant was still his tenant, and that such possession as the plaintiff had, after the defendant moved out, was in furtherance of the lease, at least he should have credited the defendant with such an amount as represented the value of the occupancy of the apartment by Miss Sias. What he did in putting her in the defendant’s apartment was action on the face of things, which excluded the defendant from possession of the property (see Roberts v. Wish, 265 Mass. 179, at 182), and was not “consistent with their right to protect the property and their duty to reduce the lessee’s loss by reletting it if they could”.
In our opinion, the facts found by the judge bring the case within the scope of Means vs. Cotton, 225 Mass. 313, at 318, 319, and Caruso v. Shelit, 282 Mass. 196, at 199, in which there was found a surrender of the lease by operation of law.
Those cases, however, are decided as issues of fact, and the Appellate Court has said that the findings of fact were warranted. In this case, the only matter in issue is whether the denial of the defendant’s fourth ruling requested, and the special facts found by the judge, which are in our opinion inconsistent with the denial of that request, create an inconsistency which is prejudicial error.
*314 The fourth ruling requested was for a finding of fact. The judge could properly deny it on that ground alone. It involved no rule of law. If it had, the case would then be within the scope of such cases as Clark v. Mass. Title Ins. Co., 214 Mass. 47, at 50; DeYoung v. Andrews Co., 214 Mass. 47, at 50; and Kaufmann v. Sydeman, 251 Mass. 210; at 217. What we do have here is a general finding which appears inconsistent with a special finding of fact. While it seems difficult to conceive of such situation, it may be that the trial judge had in mind some element of proof which was lacking, the absence of which made the facts found by him fall short of constituting an agreement by the plaintiff to resume possession on terms inconsistent with the lease. After all, it is entirely a question of fact;
It is not necessary, however, to speculate upon this situation because it is controlled by cases already decided.
“Undoubtedly a general finding must be set aside if unequivocally inconsistent with a special finding, but the trend of the decisions is to sustain the general finding if possible. * * * This question should have been raised by a motion for a new trial * * It is not properly open on a report to an appellate division, at least until after a ruling by the trial judge. Had such motion been made, it might have appeared that the alleged contradiction was a clerical mistake which the judge could correct before the entry of a judgment.”
Duralith Corp. v. Leonard, 274 Mass. 397, at 401.
See also, DiLorenzo v. Atlantic Nat’l Bank of Boston, 278 Mass. 321, at 323, 324.
It does not appear from the report or from the docket entries that any such motion, as is referred to in the cases above cited, has been filed in this case. On the authority of those cases, this report must be dismissed.