No. 2686          Northern          Middlesex, ss.

SHAFROCK                                (Samuel Stone)
v. DAVIS                                (T. A. Wester)

From the Third District Court of Eastern Middlesex—
Green, J.

Argued April 21, 1941—Opinion Filed May 13, 1941

PETTINGELL, J.—(Jones, P.J., & Henchey, J.)—Action for rent of premises leased to the defendant by the plaintiff and sub-let by the defendant to a third party. The answer is a general denial and a plea of eviction.

The issue between the parties was whether there was a constructive eviction through failure properly to heat the premises, the lease being of "a furnished heated apartment." There was testimony that after the landlord had put on storm windows and had taken other precautions to ensure better heating, the temperature was 63 degrees-64 degrees 65 degrees on a mild day; that the apartment was so cold on a particular night that the sub-tenant was obliged to leave the room and go to a hotel. On the other hand, there was testimony that the temperature was raised from 70 degrees to 72 degrees by the

improvements. There was testimony, also, that early in the tenancy in January the landlord was accustomed nightly to set at 40 degrees the thermostat which controlled the temperature of the apartment, and that after complaints by the sub-tenant to the tenant and the tenant to the landlord, the landlord set the thermostat nightly at 60 degrees.

The trial judge was not compelled, on this evidence, to find as a fact that the temperature of the apartment was 65 degrees, as premised in the first request, or that "the plaintiff did not intend to deprive the defendant permanently of the quiet enjoyment of the premises leased to him," as is premised in the second request. There is no error in the denial of rulings requested which are based on facts not necessarily to be inferred as matter of law from the evidence. *DiLorenzo* v. *Atlantic National Bank,* 278 Mass. 321, *Simpson* v. *Eastern Mass. St. Ry. Co.* 292 Mass. 562. There was no error in the denial of the first and second requests.

The evidence showed that the premises were occupied by a sub-tenant of the defendant. The plaintiff, in his third requested ruling, raises the issue that the duty owed by the landlord to the tenant is different from that owed to a sub-tenant. The ruling requested is actually a statement of the plaintiff's contention that whereas there may have been a duty to furnish heat to the lessee, there was no duty to furnish it to the sub-tenant.

The consideration moving from the lessee, the rent which he was bound by the lease to pay, was for the use of a "furnished heated apartment." It made no difference to the lessor whether the defendant, the tenant, occupied the apartment, or left it unoccupied; in either case the landlord's duty was to maintain it heated and furnished. Neither did it make any difference whether or not the defendant occupied it by putting in a sub-tenant, except in one particular. If there was in the lease a provision against sub-letting, the landlord might have had the right to terminate the lease by an entry for violation of that provision; until, however, the landlord entered and took possession for such a breach, the fact that it was a sub-tenant and not a tenant that was occupying the premises made no difference whatever in the lease or in the landlord's duty or his responsibility. *Shumay* v. *Collins,* 5 Gray 227. *Shattuck* v. *Lovejoy,* 8 Gray 204.

No pleading raises the issue of the right of the tenant to sub-let; the evidence does not disclose that the plaintiff ever entered upon a failure of the lessee to observe the provisions of the lease. The action is against the defendant, the tenant, for rent. The plaintiff, as landlord, if he is to recover, must rest upon the lease and upon his performance of it.

The plaintiff might have pleaded that the so-called "sublease," being for the lessee's entire estate and for the remainder of the term, was actually an assignment of the lease. He then

had the right, at his option, to accept the assignee as his tenant and to collect the rent from him. He chose, as he had the right to do, to hold the lessee upon his express covenant to pay. *Patten* v. *Deshon,* 1 Gray 325. But having made this choice, he was bound to give the tenant what he had covenanted to furnish in return for the rent, regardless of who the occupant of the apartment was.

There was no prejudicial error in the denial of the third requested ruling.

The report is to be dismissed.