No. 148169        Municipal        Suffolk, ss.

SHAPIRO        (Harry R. Davis, Leon E. Serkin)
v. BOSTON ELEVATED RAILWAY CO.
              (M. V. Splane, D. L. Martin)

From the Municipal Court of Boston—Zottoli, J.

Argued October 6, 1941—Opinion Filed November 1, 1941

BRACKETT, J. (Tomasello, J., & Donovan, S.J.)—This is an action of tort in which the plaintiff seeks to recover for personal injury sustained in a collision between an automobile in which she was riding as a passenger, and a motor bus owned by the defendant. It appears from the evidence reported that it would warrant a finding for either the plaintiff or the defendant depending on what portion of it was believed.

At the close of the evidence the plaintiff duly filed six requests for rulings. After dealing with the said requests the court made the following special finding: "Upon the whole case I find that the plaintiff's accident was in no wise attributable to any negligence on the part of the defendant, and I, therefore, find for the defendant."

The sole question presented for the consideration of this division is the correctness of the trial justice's treatment of the plaintiff's requests numbered 1, 2, 3 (A, B, C) and 4. We find no reversible error in the court's action relating to these requests. Requests numbered 1, 2, and 3 with its specifications (A) (B) and (C) are similar in principle and may be considered together. Requests numbered 1, 2, 3 are as follows: "1. The evidence in this case warrants a finding for the plaintiff. 2. The evidence in this case warrants a finding that at the time of the accident herein involved, the defendant, its servants or employees was negligent. 3. Upon all the following evidence this Honorable Court is warranted in finding for the plaintiff: (A) That the automobile in which the plaintiff was riding as a passenger was standing still at the time of the impact; (B) That the operator failed to give any warning or signal that he intended to make a right turn; (C) That the operator of the bus failed to negotiate a right turn without contacting the motor vehicle in which the plaintiff was riding as a passenger."

We deem it unnecessary to set out in detail the court's

treatment of these requests. In denying them the court in substance ruled as to each request that while the evidence adduced by the plaintiff warranted the findings requested, yet the evidence taken as a whole did not require such findings, and it did not so find. Under these circumstances it is of no consequence "whether the evidence warranted a finding for the plaintiff or not." Cf. *Strong* v. *Haverhill Electric Co.* 299 Mass. 455. *Home Savings Bank* v. *Savransky,* 307 Mass. 601.

The plaintiff's 4th request asked the court to rule that "If this Honorable Court finds that the operator of the bus failed to see the motor vehicle in which the plaintiff was a passenger and collided with it while making a right turn, the court is warranted in finding that the impact was caused by the carelessness of the operator of the bus." All that need be said as to the court's denial of this request is that a judge is not required to grant requests which deal with the legal effect of "isolated facts," *Smith* v. *Import Drug Co.* 253 Mass. 368; *Caruso* v. *Shalit,* 282 Mass. 196, or which are based upon "fragments of evidence" in the case not decisive of the issue. *Barnes* v. *Berkshire St. Ry.* 281 Mass. 47. *Tookmanian* v. *Fanning,* 308 Mass. 162.

As no reversible error appears, the order is: Report dismissed.