Chin, J.
This is an action for breach of a contract for rental of commercial real estate.
The plaintiff, Saunders and Associates, (Saunders) entered into a written lease with the defendant, Empire, Inc. (Empire) for the premises at 39 Newbury Street, Boston. The lease was for five years and fifteen days, commencing on April 15,1985 and ending on April 30,1990.
Empire sublet the front portion of the premises to a subtenant named Karen Eyges d/b/a Nous Nours.
At the time of the execution of the lease, defendant Mark L Ostrovsky, President of Empire, executed a document entitled “Guaranty.” Ostrovsky signed the document “Mark L Ostrovsky, President.”
In April, 1988, Empire’s subtenant vacated the premises on one week’s notice. Empire found it difficult to pay its rent and the last rent payment made was for the rent due June 15,1988.
When the subtenant vacated her portion of the premises, Empire placed a cardboard sign in the front window advertising the space for sublease. Empire’s phone number was on the cardboard sign. Plaintiffs workman came into the premises in June and removed the cardboard sign. Plaintiff thereafter put up its own sign. Paragraph ten of the lease provides:
The LESSEE agrees to maintain the leased premises in good condition, damage by fire and other casualty excepted, and whenever necessary, to replace plate glass and other glass therein, acknowledging that the premises are now in good order and the glass whole. The LESSEE shall not permitthe leased premises to be loaded, damaged, stripped, or defaced, nor suffer any waste. LESSEE shall obtain written consent of LESSOR before erecting any sign on the premises.
The new cardboard sign had plaintiffs phone number on it.
As a result of its placing the cardboard sign in the window, Empire found Dennis Hale/Tilley’s Endurables, who made an inquiry about Empire’s space. Hale never filled out an application for this space with the plaintiff. Admitted into evidence as Exhibit 13 was a letter sent by Empire to plaintiff, appended hereto as Exhibit “A”.
Noresponsewas made to this letter. Ms. Saunders testified thatsheneverreceived the letter, nor was the return receipt produced by the defendant.
In late August, 1988, Empire delivered the keys for the premises, after it was served with a notice to quit and a summary process summons and complaint Plaintiffs lawyer acknowledged receipt, and entered into possession, but put Empire on notice that such action should not be considered an acceptance of surrender.
In November, 1988, plaintiff leased to R.W. Alekel d/b/a Art to Go the front portion *17 of the premises which were previously occupied by Empire’s subtenant. There was no evidence that any work was done to this portion of the premises in order to render it fit for Alekel’s occupancy. Wayne Michael Vitali, plaintiffs bookkeeper, testified from records of rent payments which were maintained by him. He testified that all rental payments are entered on his records on the date they were received. He testified that he made the following entries of payments received from Alekel, including the application of his security deposit
December 5,1988 $3,266.00
January 1,1989 $3,750.00
February 1,1989 $3,750.00
March 1,1989 $3,750.00
April 1,1989 $3,750.00
Alekel ceased making payments and vacated the portion of the premises which he had leased. Vitali and Mark Goldstone, plaintiffs executive officers, both acknowledged that on November 29,1988, plaintiff received a security deposit from Alekel in the amount of $11,250.00, which was applied to rent due and owing as setforth above. There was evidence as to the amount of attorney’s fees billed by plain tiff to defendants in connection with this matter.
After Empire vacated the premises, it did nothing by way of renovations or repairs to the front portion of the premises which had previously been occupied by Karen Eyges and had, after Empire’s surrender, been occupied by Alekel. However, the plaintiff undertook substantial renovations to the rear of the premises, changing it from a clothing showroom to office space. The property was thereafter advertised by the plaintiff as “newly renovated office space,” and as “retail space.”
The defendant alleges that the trial judge erred in denying four of defendant’s requested rulings of law.
Request number 3 is as follows:
Where a lessee surrenders possession of the leased premises by delivering possession, and the lessor thereafter makes substantial renovations to the premises, or leases the premises to another at rates and for a term different than fixed under the original lease, this constitutes an acceptance of surrender and extinguishes the lessee’s obligations under the lease, including any obligation to pay rent. Caruso v. Shelit, 282 Mass. 196, 198-199 (1933); Taylen Realty Co. v. Student Book Exchange, 354 Mass. 777 (1908).
The issue of surrender is a question of fact Caruso v. Shelit, 282 Mass. 196, 200 (1933). The facts stated in the Request do not constitute an acceptance of surrender as a matter of law. There was no error in the Court’s denial of this Request
Request number 7 is as follows:
7. Where an individual signs an instrument indicating that he is signing in a representative capacity (e.g., where he writes “president” after his name), and the instrument names the entity which he represents, that individual is not personally liable for that signature. Cf. M.G.Lc. 106, sections 3-403(2) (a).
The Court denied this Request as inapplicable.
The “Guaranty” is signed “Mark Ostrovsky, President.” It does not indicate the entity which he represents. This Request assumes facts which were not found by the Court. Accordingly, this Request was properly denied.
Request number 9 is as follows:
9. On all the law and the evidence, there must be a finding for the defendant, Mark L Ostrovsky because
a. any underlying obligation has been extinguished, and
b. he did not sign the alleged guaranly in his individual capacity.
The Court found for the plaintiff on its claim against the corporation. Accordingly, the underlying obligation had not been extinguished. The guaranty is discussed above. This Request was properly denied.
*18 Request number 10 is as follows:
10. Where attorney’s fees are an element of damages under a contract, they must be proved in the plaintiffs case-in-chief.
In the case of Heller v. Silverbranch Construction Corp., 376 Mass. 621 (1978) the Court held that a judge presiding over an action can decide, based on his or her experience as a judge and lawyer, the amount of attorney’s fees to be paid. Accordingly, the denial of this request for ruling was proper.
For the foregoing reasons, we find that the trial judge committed no error, and order the report dismissed.
EXHIBIT “A”
June 24,1988
Ms. Lisa Saunders
c/o Saunders & Associates
20 Park Plaza
Boston, Massachusetts
02116
RE: SUBLETTING OF 39 NEWBURY STREET AND ASSIGNMENT OF LEASE:
Dear Ms. Saunders:
As you are aware, I have been attempting to sublet a portion of the premises I rent from you, or assign my lease to any qualified and acceptable organization.
Since my sub-tenant, K.E. Enterprises, vacated the premises at 39 Newbury Street, on April 30,1988,1 have run various newspaper ads, and have actively sought a new tenant in good-faith. I have interviewed a variety of potential tenants and have been in contact with many brokers in the course of my quest for a new tenant ■
On June 22,1988, a gentleman named Mr. Dennis Mail was brought to me by a broker from Hunneman Commercial Realty. He is a part owner of a very successful Canadian based organization called Tilly’s Endurables who retails and wholesales clothing. He was ready, willing and more than able to take-over my lease or enter into a new lease with you.
Since there is only two years remaining on my lease, he was willing to assume my lease if you would also come to stated terms for a period beyond the two years. He was prepared to invest a considerable amount of money into the premises and, of course, reasonably needed some assurance for the future. In fact, it is safe to assume that there does not exist any potential assignee of my lease who would be willing to settle for only two years.
I told you that my business cannot possibly afford to continue paying the rent at 39 Newbury Street without finding a sub-tenant or an assignee of the lease. We will, however, continue to pay the rent as long as we are able, notwithstanding the heavy burden we are under.
It is my opinion, an well as the opinion of Mr. Mail, thatyou unreasonably withheld your consent to assign the lease to him and his company. He is (or rather was) as qualified as anyone could possibly be and, as I mentioned, was ready, willing and able to take-over my lease. Additionally, the terms you presented him with for a new lease were unrealistic and in excess of the market value for the premises in question.
Ultimately, you are making it almost impossible for me to fulfill my need to assign this lease. I believe that this is entirely improper, and that Saunders & Associates is *19 not acting in good-faith.
Sincerely,
MARK L OSTROVSKY
PRESIDENT, EMPIRE, INCORPORATED
D/B/A HIGH SOCIETY FORMALWEAR
39 NEWBURY STREET
BOSTON, MASSACHUSETTS 02116
(617) 2664774
Sent CERTIFIED MAIL on June 23,1988 No#.